UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THEODORE M. FREEMAN,

                      Petitioner,

v.                                    Case No. 3:10-cv-642-J-12TEM

STATE OF FLORIDA, et al.,

                      Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, an inmate of the Pretrial Detention Facility in Jacksonville, Florida, who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Petition for Writ of Mandamus (Petition) (Doc. #1) on July 26, 2010. In the Petition, Petitioner challenges his state court conviction for the sale, delivery or purchase of cocaine and possession of cocaine.[1] He claims that Assistant Public Defender Tricia Rado, as his defense counsel in the state court proceedings, failed to provide effective assistance of counsel. Because his allegations and claims are in the nature of habeas corpus in that he challenges the fact of his confinement, this Court will construe his Petition as seeking relief under 28 U.S.C. § 2254.

---

[1] See https://showcase.duvalclerk.com (Case No. 2009-CF-6216).

Petitioner Freeman's request is barred by the abstention doctrine and the principles of exhaustion and comity. Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Butler v. Alabama Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases--already pending in state court--free from federal court interference.") (citation omitted).

Furthermore, Petitioner Freeman has not shown that he has exhausted any state remedies available to him in state court. See 28 U.S.C. § 2254(b)(1)(A). In the interests of comity, this Court should give the state courts the opportunity to rule on his claims before he seeks relief in the federal courts. See Rose v. Lundy, 455 U.S. 509 (1982). For these reasons, this Petition will be dismissed without prejudice.

Accordingly, it is now

**ORDERED:**

1. The Petition (Doc. #1) is hereby **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

2.   The Clerk of the Court shall enter judgment denying the Petition and dismissing this case without prejudice.

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 28TH day of July, 2010.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sc 7/27
c:
Theodore M. Freeman